RINEHART et al. v. VUKNIC.

(Circuit Court of Appeals, Third Circuit. July 26, 1915.)

No. 1930.

MASTER AND SERVANT ⬤⟿279—ACTION FOR DEATH—SUFFICIENCY OF EVIDENCE
—VICE PRINCIPAL.

Evidence in an action for the death of plaintiff's husband, killed by
a cave-in while working in a trench as a laborer in the employ of de-
fendants, *held* to justify a finding that the foreman was in charge of and
directing the particular work in which decedent was engaged at the time
of his death, and a vice principal, within Act Pa. June 10, 1907 (P. L. 523),
expressly making a principal liable in such case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
973–975, 978–980; Dec. Dig. ⬤⟿279.]

In Error to the District Court of the United States for the Eastern
District of Pennsylvania; William H. Hunt, Judge.

Action by Eva Vuknic against Harrison Rinehart and others. Judg-
ment for plaintiff, and defendants appeal. Affirmed.

Denna C. Ogden, of Greensburg, Pa., for appellants.

A. J. Eckles, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit
Judges.

McPHERSON, Circuit Judge. While the husband of Eva Vuknic
was working at the bottom of a trench as a laborer in the employ of
Rinehart Bros., contractors engaged in building a sewer in the borough
of West Kensington, Pa., he was killed by the caving in of the earth,
and this action charges that his death was due to the negligence of the
contractors in not protecting the sides of the trench. The testimony
was conflicting, but since the verdict we must take the facts to be as fol-
lows:

Vuknic was an ordinary laborer, and had been in this country about
a year. During most of that time he had been employed by the Penn-
sylvania Railroad Company along its right of way, mainly in digging
and shoveling earth in cuts and fills. He had been in the service of
Rinehart Bros. only a short time, and indeed, as we gather from the
evidence, he had been put to work in this trench on the very day of his
death. The heavy part of the excavation was done by a machine,
weighing from 8 to 10 tons. The machine was on wheels, and moved
slowly forward on the surface as the work progressed. Attached to
an arm projecting from the rear were the appliances for digging and
for hoisting the dirt. While the machine was working it shook the
ground, and on the day in question a bystander called the foreman's at-
tention to the danger of doing the work "without a brace in it," and re-
ceived the reply "that it was safe enough—it was all right." Vuknic's
place of work was at the bottom of the trench, which was about 3 feet
wide and not far from 11 feet deep. His business was to smooth off
the ground and shovel dirt into the buckets that were carried to the

surface by an endless chain. The ground was a loose mixture of clay, sand, and small gravel, and the sides of the trench were in no way protected. About 300 feet of the sewer had already been dug, and as yet there had been no fall of earth. The work was being done in March, and at that season the ground was damp, and some water was running on the surface. About 11 o'clock in the morning a small quantity of earth fell from one of the sides, and Vuknic called the foreman's attention to that fact, saying that the place was dangerous. The foreman assured him that there was no danger, declaring that he was on guard, and would give proper warning if the need should arise. At dinner time Vuknic renewed his complaint, and once afterwards when another small quantity of earth fell in. On both occasions the foreman repeated his assurances, but a few moments after the last complaint a much larger quantity fell, burying Vuknic completely and causing his death.

The principal controversy at the trial was over the foreman's relation to the work; the plaintiff contending that he was a vice principal, and the defendants contending that he was merely a fellow servant. In our opinion he was a vice principal by the force of the Pennsylvania Act of 1907 (P. L. 523), which makes the principal liable for—

"the neglect of any person engaged as superintendent, manager, foreman, or any other person in charge of or control of the works, plant, or machinery; the negligence of any person in charge of directing the particular work in which the employé was engaged at the time of the injury or death," etc.

The evidence fully justified the jury in finding that the foreman was in charge of directing the particular work in which Vuknic was engaged at the time of his death, and the court gave adequate instructions upon this question, as well as upon the question of contributory negligence.

We have considered all the assignments of error, but find no other subject that calls for discussion. The case presented mainly questions of fact, and the trial judge dealt with them satisfactorily.

The judgment is affirmed.